IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DUKE UNIVERSITY and ALLERGAN SALES, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALCON LABORATORIES, INC.,<br><br>　　　　Defendant. | C.A. No. 18-cv-652-LPS |

**STIPULATION AND ORDER OF DISMISSAL**

This stipulation is made by and between Plaintiffs Duke University and Allergan Sales, LLC ("Plaintiffs"), and Defendant Alcon Laboratories, Inc. ("Alcon").

WHEREAS, on July 7, 2017, Plaintiffs filed suit against Alcon and Sandoz Inc. ("Sandoz") in the United States District Court for the Eastern District of Texas in *Duke University et al. v. Sandoz Inc. et al.*, Case No. 2:17-cv-00528 (the "Texas Action");

WHERAS, on April 3, 2018, the United States District Court for the Eastern District of Texas severed Plaintiffs' claims in the Texas Action as to Sandoz and Alcon;

WHEREAS, on April 3, 2018, the United States District Court for the Eastern District of Texas transferred Plaintiffs' claims in the Texas Action as to Alcon to this Court, resulting in the above-captioned case (the "Delaware Action");

WHEREAS, on April 3, 2018, the United States District Court for the Eastern District of Texas transferred Plaintiffs' claims in the Texas Action as to Sandoz to the United States District Court for the District of Colorado, resulting in the case *Duke University et al. v. Sandoz Inc.*, Case No. 1:18-cv-00997-MSK-KLM (the "Sandoz Action");

WHEREAS, Plaintiffs and Alcon are in agreement that it would be more efficient for the parties and the judicial system to have a single case pending related to the dispute between Plaintiffs on the one hand, and Sandoz and Alcon on the other hand;

NOW THEREFORE, Plaintiffs and Alcon, by and through their respective undersigned counsel in the Action, and subject to the approval of the Court, stipulate and agree as follows:

1. Plaintiffs and Alcon jointly request that the Court dismiss the Delaware Action with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) subject to the conditions set forth in the Paragraphs that follow.

2. Alcon agrees to be bound by any judgment, order, or decision (including appeals) concerning patent validity or claim construction of claims 22 and 30 of U.S. Patent No. 9,579,270 rendered as to Sandoz in the Sandoz Action as if Alcon was a named defendant in the Sandoz Action.

3. Plaintiffs agree to be bound by any judgment, order, or decision (including appeals) concerning patent validity or claim construction of claims 22 and 30 of U.S. Patent No. 9,579,270 rendered in the Sandoz Action.

4. If the validity of claims 22 and 30 of U.S. Patent No. 9,579,270 are upheld in the Sandoz Action (including appeals), this Stipulation shall not prevent Plaintiffs from refiling the present suit against Alcon at a later time to assert infringement of claims 22 and 30 of U.S. Patent No. 9,579,270.

5. Alcon agrees that, to the extent it has in its possession, custody, or control information or materials that would be discoverable were the Delaware Action not to have been dismissed, it will search for and provide such discovery to Plaintiffs in the Sandoz Action in response to discovery requests directed at Alcon and served on Alcon through its counsel,

without the need for service of subpoenas (inclusive of requests for production, interrogatories, depositions and/or requests for admission, provided that the foregoing counts toward any discovery limits in the Sandoz Action). Accordingly, in the Sandoz Action, Plaintiffs may depose employees of Alcon by serving deposition notices without need for service of subpoenas. Moreover, in the Sandoz Action, Alcon agrees to investigate and provide information in its possession, custody, or control concerning all topics in any Rule 30(b)(6) deposition notices directed to Alcon, including testifying witnesses. Alcon further agrees to be bound by resolution of discovery matters in the Sandoz Action. This paragraph does not constitute a waiver of any objections or defenses to, or any privilege or immunity from, the provision of discovery otherwise available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

6. The Parties agree that entry into this Stipulation by Alcon cannot be construed as an admission by Alcon as to proper venue in the Sandoz Action.

7. The Parties further agree that this Stipulation concerns only claims 22 and 30 of U.S. Patent No. 9,579,270, which are the only patent claims asserted in the Delaware Action.

8. This Court shall retain jurisdiction to enforce the terms of this stipulation.

| | |
|---|---|
| FISH & RICHARDSON P.C. | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| By: */s/ Susan E. Morrison*<br>Susan E. Morrison (#4690)<br>Kelly Allenspach Del Dotto (#5969)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 652-5070<br>Email:  morrison@fr.com; kad@fr.com | By: */s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law |
| Attorneys for Plaintiffs<br>DUKE UNIVERSITY and ALLERGAN SALES, LLC | Attorneys for Defendant<br>ALCON LABORATORIES, INC. |

SO ORDERED, this _____ day of October, 2018.

_____
Honorable Leonard P. Stark